

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Peyton Burke
County Auditor
Falls County
Marlin, Texas

Dear Sir:

Opinion No. 0-2839
Re: Mileage fees collectible by constables in misdemanor cases arising under Sec. 5, H.B. 190, Acts of the 46th Legislature, Article 567b, Vernon's Penal Code, and other fees collectible under Article 1055, Vernon's Code of Criminal Procedure.

Your request for an opinion of this department upon the questions as are herein stated has been received.

We quote from your letter as follows:

"1. Under Section 5 of House Bill No. 190 of Chapter 17 Regular Session 46th Legislature, are officers (constables) entitled to fees as in felony cases, that is, are they entitled to 15¢ per mile going to place of arrest and 30¢ returning prisoner?

"2. In the event the prisoner upon a plea of guilty or a conviction is unable to pay his fine and lays the fine out in jail is the officer entitled to all of his fees or only one-half?

"3. If the prisoner upon a conviction should pay his fine would said costs be taxed against the prisoner or would the county be responsible to the officer for his fee?"

For the purpose of this opinion only misdemeanor offenses, under Article 567b, Vernon's Penal Code, are considered.

Section 5 of Article 567b (H.B. 190, Ch. 17, Regular Session, 46th Legislature) Vernon's Penal Code reads as follows:

"In all prosecutions under sections 1,2, and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

3 of this Act, process shall be issued and served in the county or out of the county where the prosecution is pending and have the same binding force and effect as though the offense being prosecuted were a felony; and all officers issuing and serving such process in or out of the county wherein the prosecution is pending, and all witnesses from within or without the county wherein the prosecution is pending, shall be compensated in like manner as though the offense were a felony in grade."

In our Opinion No. O-1981, we ruled that officers serving process in a misdemeanor case prosecuted under Article 567b were not entitled to the same fees and mileage as they would be if the case were a felony, but entitled to only such fees and mileage as are allowed by statute in other misdemeanor cases. We enclose a copy of that opinion which answers your first question.

In reply to your second question, it is to be noted that the county officials of Falls County are compensated upon a salary basis. For the purpose of this opinion, we assume that the precinct officers are compensated on a fee basis. Article 1055, Code of Criminal Procedure provides that:

"The county shall not be liable to the officer and witness having costs in a misdemeanor case where defendant pays his fine and costs. The county shall be liable for one-half of the fees of the officers of the Court, when the defendant fails to pay his fine and lays his fine out in the county jail or discharges the same by means of working such fine out on the county roads or on any county project. And to pay such half of costs, the County Clerk shall issue his warrant on the County Treasurer in favor of such officer to be paid out of the Road and Bridge Fund or other funds not otherwise appropriated."

Section 17 of Article 3912e, provides:

"....In counties wherein the county officers named in this Act are compensated on the basis of an annual salary, the State of Texas shall not be charged with and shall not pay any fee or commission to any precinct officer for any services by him performed, but said officer shall be paid by the County out of the Officer's Salary Fund such

1

fees and commissions as would otherwise be paid him by the State for such services."

In view of the foregoing statutes, you are advised that it is our opinion that where a person charged with a misdemeanor under Article 567b, Vernon's Penal Code, and enters a plea of guilty or is convicted and unable to pay his fine and costs and lays his fine and costs out in jail or discharges the same by means of working his fine and costs out on the county roads or on any kind of project as contemplated by Article 1055, supra, the constable is entitled to only one-half of such fees from the county.

With reference to your third question, you are advised that it is our opinion that where a person is convicted of a misdemeanor under Article 567b, the costs should be taxed against him as in other misdemeanor cases as provided in Chapter 4, Title 9, Code of Criminal Procedure. Where the defendant pays the costs taxed against him the county would not be liable to the constable for his fees. However, if the defendant only pays his fine and discharges the costs by staying in jail or working on the county roads or on any kind of project as contemplated by Article 1055, supra, the constable is entitled to one-half of his fees from the county as provided by Article 1055, supra.

Trusting that the foregoing fully answers your inquiry, we are

APPROVED JAN 22, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:AW